UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**CODY S. HOWARD**                                                                                               **PLAINTIFF**

v.                                               Case No. 4:23-CV-00020-LPR

**BRUNER, Officer,**
**Pulaski County Detention Facility**                                                           **DEFENDANT**

**ORDER**

On January 6, 2023, Cody S. Howard, an inmate in the Pulaski County Detention Facility, filed a pro se Complaint pursuant to 42 U.S.C. § 1983.[1]

On January 10, 2023, the Court entered an Initial Order for *Pro Se* Prisoners informing Mr. Howard of certain rules and procedures he must follow in order to proceed with his lawsuit.[2] This Order also advised Mr. Howard that his application to proceed *in forma pauperis* ("IFP Application") was incomplete because it did not include a certificate of his inmate trust account or calculation sheet *signed by an authorized jail official*.[3] Moreover, the January 10, 2023 Order noted that Mr. Howard's IFP Application listed a "Trust Fund" as an asset, but he did not disclose the value of his trust fund or explain what the funds could be used for.[4] Thus, the Court directed the Clerk to send Mr. Howard a new IFP Application and gave Mr. Howard thirty (30) days to either: (1) pay the $402 filing fee; or (2) file a new IFP Application containing: (a) a certificate of his inmate trust account and calculation sheet, each signed by an authorized jail official; and (b) additional information about his trust fund, including its value and what the funds could be used

---

[1] Doc. 2.

[2] Doc. 4.

[3] *Id.* at 3.

[4] *Id.* This "trust fund" is different from the "inmate trust account." The "trust fund" is with Rainwater, Holt, and Sexton.

for.[5]  Importantly, the January 10, 2023 Order warned Mr. Howard that his failure to comply with the Order would result in the dismissal of his Complaint, without prejudice.[6]

On January 18, 2023, Mr. Howard filed a new IFP Application, but it did *not* provide any additional information about his trust fund.[7]  Nor did it include the necessary certificate of his inmate trust account or calculation sheet.[8]  Without this information, the Court cannot determine whether Mr. Howard is entitled to proceed *in forma pauperis*.[9]

Accordingly, Mr. Howard's Complaint is DISMISSED without prejudice pursuant to Local Rule 5.5(c)(2) and Rule 41(b) of the Federal Rules of Civil Procedure.[10]  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an *in forma pauperis* appeal from the Order and Judgment dismissing this action would not be taken in good faith.

IT IS SO ORDERED this 3rd day of March 2023.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

---

[5] *Id.*

[6] *Id.*

[7] Doc. 5.

[8] *Id.*  On February 23, 2023, Plaintiff submitted a certificate of his inmate trust account and calculation sheet.  It appears to be signed by him as opposed to an authorized jail official. (Doc. 7).  That is insufficient.

[9] *See* 28 U.S.C. § 1915(a).

[10] *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (district courts have power to dismiss sua sponte under Rule 41(b)).